# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DURAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF PORTERVILLE, et al., <br><br> Defendants. | Case No. 1:22-cv-00614-DAD-SAB <br><br> ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION AND OVERRULING OBJECTIONS <br><br> (ECF Nos. 11, 13, 16) |

## I.

## INTRODUCTION

Plaintiffs, proceeding *pro se*, filed this action on May 23, 2022. (ECF No. 1.) Defendants were served on May 31, 2022. (ECF No. 4.) On June 21, 2022, all Defendants joined in and filed a motion to dismiss this action. (ECF No. 5.) On June 27, 2022, Plaintiffs filed a request for entry of default, proffering the Defendants failed to plead or otherwise defend in this action. (ECF No. 11.) On July 1, 2022, the Court denied Plaintiffs' request for entry of default in light of the fact Defendants had filed a motion to dismiss that is currently pending before the District Judge. (ECF No. 13.)

On July 11, 2022, Plaintiffs filed objections to the Court's order denying entry of default, that were entered on the docket on July 12, 2022. (ECF No. 16.) The Court construes the objections as a request for reconsideration.

///

## II.

## LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied . . . ; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

Rule 55 of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment or affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(b)(1). Before a default is entered, the "court clerk must be satisfied from Plaintiff'[s] request and accompanying documentation that (1) defendant has been served with the summons (or has agreed to waive service); (2) the time allowed by law for responding has expired; (3) defendant has failed to file a pleading or motion permitted by law; and (4) defendant is neither a minor nor an incompetent person." Shapour v. California, Dep't of Transp., No. 1:13-CV-1682 AWI-BAM, 2013 WL 6797470, at *1 (E.D. Cal. Dec. 19, 2013) (citations omitted).

///

## III.

## DISCUSSION

Plaintiffs proffer that they respectfully object to the denial of entry of default, because under the relevant rules, Plaintiff served the Defendants on May 31, 2022, and Defendants were required to respond to the complaint within twenty-one (21) days. (ECF No. 16 at 1-2.) Plaintiffs emphasize they did not receive the response until Friday, June 23, 2022, which is two days after the deadline. (Id. at 2.) Plaintiffs proffer the "Court shall keep in mind that the Court is merely [to] convene to oversee and apply the law via the rules of the Court . . . Should the Court fail to recognize[] that Plaintiff[s] were noticed [sic] of a response two days after the 21 days allowed by the rules of the court, then the court is neglecting to follow it[']s own rules and is in err[or] and is not applying the mandates at common law." Id.

The Court finds Plaintiffs' objections to be unfounded. Therefore, the objections shall be overruled and the request for reconsideration denied.

Under Federal Rule of Civil Procedure 5, "[u]nless these rules provide otherwise, each of the following papers must be served on every party: . . . a pleading filed after the original complaint." Fed. R. Civ. P. 5(a)(1)(B). Under Rule 5, "[a] paper is served under this rule by: . . . mailing it to the person's last known address—in which event **service is complete upon mailing**." Fed. R. Civ. P. 5(b)(2)(C) (emphasis added). On June 21, 2022, Defendants filed a separate proof of service affirming that Defendants served Plaintiffs with the motion to dismiss on June 21, 2022, by U.S. postal mail. (ECF No. 6 at 1-2.) Plaintiffs admit they received the document two days later, on June 23, 2022. Therefore, service was complete on June 21, 2022, twenty-one (21) days after Defendants were served. The Federal Rules of Civil Procedure do not require a document to be actually received on the date that service is deemed complete. Accordingly, Defendants had not failed to plead or otherwise defend in this action, and the Court appropriately denied Plaintiff's request for entry of default. See Fed. R. Civ. P. 55(b)(1).

///

///

///

3

## IV.
## ORDER

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' objections are OVERRULED and the motion for reconsideration (ECF No. 16) is DENIED.

IT IS SO ORDERED.

Dated: **July 13, 2022**

_____
UNITED STATES MAGISTRATE JUDGE