# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DURAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF PORTERVILLE, et al., <br><br> Defendants. | Case No. 1:22-cv-00614-DAD-SAB <br><br> ORDER DIRECTING CLERK OF COURT TO CLOSE CASE AND ADJUST DOCKET TO REFLECT VOLUNTARY DISMISSAL <br><br> (ECF No. 19) |

Plaintiffs, proceeding *pro se*, filed this action on May 23, 2022. (ECF No. 1.) Defendants were served on May 31, 2022. (ECF No. 4.) On June 21, 2022, all Defendants joined in and filed a motion to dismiss this action. (ECF No. 5.) On July 27, 2022, Plaintiffs filed a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure "41(1)(A) [sic]." (ECF No. 19.) No Defendants signed the filing, and thus the Court considers it a notice of a voluntary dismissal by Plaintiffs pursuant to Rule 41(a)(1)(A)(i).

Under Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, 'a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment.' " Commercial Space Mgmt. Co., Inc. v. Boeing Co., Inc., 193 F.3d 1074, 1077 (9th Cir. 1999) (quoting Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997)). The Ninth Circuit has held that Rule 41(a) allows a plaintiff to dismiss without a court order any defendant who has yet to serve an answer or motion for summary judgment. Pedrina v. Chun, 987 F.2d 608, 609 (9th Cir. 1993). "[A] dismissal under Rule 41(a)(1) is effective on

1

filing, no court order is required, the parties are left as though no action had been brought, the defendant can't complain, and the district court lacks jurisdiction to do anything about it." Commercial Space Mgmt. Co., Inc., 193 F.3d at 1078.

Courts do not generally consider a motion to dismiss to be an answer or a motion for summary judgment for purposes of Rule 41.  See Concha v. London, 62 F.3d 1493, 1506 (9th Cir. 1995) ("Even if the defendant has filed a motion to dismiss, the plaintiff may terminate his action voluntarily by filing a notice of dismissal under Rule 41(a)(1)."); Post Tension Cables Inc. v. Actuant Corp., No. 219CV01455RSLDWC, 2019 WL 6686679, at *1 (W.D. Wash. Nov. 12, 2019) ("Here, Defendant has not filed an answer or motion for summary judgment, and Defendant's Motion to Dismiss does not impact Plaintiff's ability to voluntarily dismiss this case."), report and recommendation adopted, No. 219CV01455RSLDWC, 2019 WL 6683775 (W.D. Wash. Dec. 6, 2019); Kun Yuan Asset Mgmt. Co. Ltd. v. Su, No. 21-CV-06236-BLF, 2022 WL 206794, at *1 (N.D. Cal. Jan. 24, 2022) ("While Defendant has filed a motion to dismiss, this does not constitute an 'answer or a motion for summary judgment' under Rule 41(a)(1)(A)(i)."); see also Crum v. Circus Circus Enterprises, 231 F.3d 1129, 1130 n.3 (9th Cir. 2000) ("A motion to dismiss is not a 'responsive pleading' within the meaning of Rule 15."); Appling v. Serv. Mgmt. Sys., Inc., No. F06-1645 AWILJO, 2007 WL 127973, at *1 (E.D. Cal. Jan. 12, 2007) ("Here, the Defendant did not file an answer, but instead filed a motion to dismiss and a motion to strike . . . Plaintiff was entitled to file his amended complaint as a matter of course under Rule 15(a).").

Accordingly, the Clerk of the Court is HEREBY ORDERED to CLOSE the file in this case and adjust the docket to reflect voluntary dismissal of this action pursuant to Rule 41(a).

IT IS SO ORDERED.

Dated:   **July 28, 2022**

UNITED STATES MAGISTRATE JUDGE

2